UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN HARRISON,

        Petitioner,

— against —

UNITED STATES OF AMERICA,

        Respondent.

**07-cr-757 (ARR)**
**20-cv-1428 (ARR)**

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

    The petitioner, John Harrison, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. The government opposes. For the reasons set forth below, the petitioner's motion is denied.

## BACKGROUND

    On April 3, 2008, a jury found the petitioner, John Harrison, guilty of: (1) possession of a firearm with the serial number removed, obliterated, or altered, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and (2) possession of a firearm by a convicted felon, in violation of §§ 922(g)(1) and 924(a)(2). *See* Verdict Sheet, ECF No. 56; Superseding Indictment 1–2, ECF No. 26; *see also* J. in Criminal Case, Sept. 30, 2008, ECF No. 68 (indicating that Count One of Superseding Indictment was dismissed on government's motion and that petitioner's conviction was on Counts Two and Three). Harrison had previously been convicted in New York County Court, in 1995, of attempted robbery in the first degree. *See* Presentence Investigation Report ¶ 26, No. 7-cr-757 ("7-cr-757 PSR"); Presentence Investigation Report ¶ 25, No. 15-cr-389 ("15-cr-389 PSR").[1] In

---

[1] These PSRs have not been filed on the docket. I will file them under seal upon the release of the

connection with that conviction, the court sentenced Harrison to four to twelve years in custody, and he served approximately seven years in custody before his release on parole. *See* 7-cr-757 PSR ¶¶ 26–27 (indicating that Harrison was apprehended for attempted robbery in May 1994 and paroled in October 2001); 15-cr-389 PSR ¶¶ 25–26 (same); Def.'s Sentencing Mem. 5, ECF No. 65 (acknowledging that Harrison served seven years in state prison).

In advance of Harrison's 2008 trial before me, Harrison's defense attorney stipulated that Harrison had previously been convicted of a felony in 1995. Defense counsel proposed the following jury instruction before trial:

> In this case, the parties have stipulated that on April 17, 1995, Mr. Harrison was convicted in a state court of a crime punishable by a term of imprisonment exceeding one year. Accordingly, you should regard this stipulated fact as true. However, I want to caution you that the conviction is only to be considered by you for the fact that it exists and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether or not the government has proven beyond a reasonable doubt that Mr. Harrison knowingly possessed the gun that he is charged in this case with possessing, which is a disputed issue in this case.

Def.'s Reqs. to Charge 9–10, ECF No. 46. Defense counsel proposed this jury instruction after expressing concern at a status conference that, if the jury learned the details underlying Harrison's 1995 conviction—particularly that it involved the possession of a gun—it would assume his guilt on the charges before them. *See* Status Conference Tr. 25:18–33:21, Government Letter Ex. 1, ECF No. 39-2. Ultimately, I instructed the jury that the parties had stipulated to Harrison's 1995 felony conviction. *See* Jury Instrs. Tr. 17:9–21.[2] Relatedly, defense counsel objected to a portion of the government's proposed jury charge on the felon-in-possession count that would have instructed the jury that "[t]he government need not prove that the defendant knew that his prior

---

instant opinion.

[2] The transcript of the trial day when I read the jury instructions has not been filed on the docket. I will file it upon the release of the instant opinion.

conviction was a crime punishable by imprisonment for a term exceeding one year or that he was convicted after a trial." Def.'s Objs. to Gov't Reqs. to Charge 3–4, ECF No. 45. However, defense counsel did not request that I instruct the jury that the government needed to prove that the defendant knew that his prior conviction was a crime punishable by imprisonment for a term exceeding one year; he merely proposed striking the government's requested instruction to the contrary. *See* Def.'s Reqs. to Charge 9–10. I did not read the government's requested instruction to the jury, nor did I instruct the jury that the government needed to prove Harrison's knowledge that his prior conviction was for a felony. *See* Jury Instrs. Tr. 16:6–19:4.

After the jury convicted Harrison, I sentenced him, on September 29, 2008, to fifty-seven months' imprisonment to be followed by three years of supervised release. *See* J. in Criminal Case 1, 3–4, Sept. 30, 2008. Harrison, through counsel, filed a notice of appeal. *See* Notice of Appeal, ECF No. 70; Subsequent Notice of Appeal, ECF No. 71. However, Harrison never filed the required brief or appendix, and the United States Court of Appeals for the Second Circuit dismissed his appeal for default. *See* Mandate, ECF No. 73.

Harrison's term of supervised release began upon his release from prison in December 2012. *See* 15-cr-389 PSR ¶ 27. In July 2015, he was arrested after Probation Officers found a pistol in his home, *see id.* ¶¶ 5–7, and in May 2016 he pleaded guilty to a new charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), *see* Indictment 1, No. 15-cr-389 ECF No. 6; Min. Entry, May 20, 2016, No. 15-cr-389 ECF No. 25. The Honorable Sterling Johnson, Jr., United States District Judge, sentenced Harrison to seventy-eight months' imprisonment, to be followed by three years of supervised release. J. in Criminal Case 1–3, June 14, 2017, No. 15-cr-389, ECF No. 36. In addition, because Harrison's conduct violated the terms of supervised release that I had imposed, I sentenced Harrison on this violation to twelve months'

3

imprisonment—to follow, consecutively, the seventy-eight-month sentence that Judge Johnson imposed—and eighteen months of supervised release. *See* J. in Criminal Case 1–3, Oct. 11, 2017, ECF No. 89. Harrison is currently in prison.

In February 2020, Harrison filed, in the Second Circuit and *pro se*, a document that he labeled a motion requesting leave to file a second or successive § 2255 petition. *See* Notice, Feb. 24, 2020, ECF No. 91; Mot., Mar. 18, 2020, ECF No. 93 ("First Mot."). The Second Circuit denied the motion as unnecessary because Harrison had never filed a prior § 2255 motion. *See* Order of USCA, Mar. 16, 2020, ECF No. 92. The Second Circuit transferred the case to me to take whatever action I found appropriate. *See id.* Accordingly, I notified Harrison that I intended to recharacterize his motion for leave to file a second or successive petition as a first § 2255 motion, and, before so recharacterizing his motion, I provided him with an opportunity to withdraw or amend it. *See* Order, Mar. 19, 2020. Harrison did file an "[a]mended" § 2255 motion, but he did not amend or add any claims; he merely reiterated the claim that he had already raised in the motion erroneously filed in the Second Circuit. *See* Am. Mot. to Vacate, ECF No. 96 ("Am. Mot."). I consider the motion filed in the Second Circuit, along with this "amended" motion, together to constitute Harrison's motion for relief under § 2255.

Harrison asks that I vacate his 2008 conviction and sentence on the felon-in-possession count. *See* First Mot. 5, 19[3]; Am. Mot. 13. [4] He argues that the decision of the United States

---

[3] Because Harrison's First Motion includes a brief with unnumbered pages, citations to page numbers within the First Motion refer to the page numbers as indicated in the ECF header.

[4] According to Harrison, vacatur of his 2008 conviction on the felon-in-possession count would render invalid the term of supervised release that I imposed as part of his sentence on that conviction; thus, the twelve-month sentence that I imposed in 2017 on the violation of supervised release would also be invalid, and I should order his immediate release from prison. *See* First Mot. 19. The government responds that "vacatur of [the] felon-in-possession conviction would not necessarily entitle him to vacatur of the revocation judgment sentencing him to a . . . term of 12 months' imprisonment[.]" Government's Resp. to Pet'r's Mot. 6 n.4, ECF No. 97. The government

Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), mandates this result, *see* First Mot. 9; Am. Mot. 5. In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. According to Harrison, because I did not instruct the jury that the government needed to prove that Harrison knew that he was a convicted felon, I must vacate his conviction. *See* First Mot. 18.[5]

## DISCUSSION

### I. I assume, without deciding, that Harrison's motion is timely.

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255(f) imposes a one-year limitation period during which a petitioner may file a motion

---

reasons that I imposed Harrison's term of supervised release in 2008 based on his convictions on *both* the felon-in-possession count that Harrison now seeks to vacate *and* the count charging possession of a firearm with an obliterated serial number, which Harrison does not challenge here. *See id.* Thus, vacatur of Harrison's conviction on just one of two counts that form the basis of his sentence to a term of supervised release would not necessarily mandate vacatur of the term of supervised release. *See id.* First, Harrison's argument calling for his immediate release from prison does not account for the seventy-eight-month sentence that he must serve for his conviction in Judge Johnson's court. Second, because I deny Harrison's motion on other grounds, I do not address this issue any further.

[5] Harrison also asserts that he "didn't know that gun charges are [a] federal crime from just being a convicted felon." Am. Mot. 5. However, *Rehaif* does not require that the government prove that a defendant knew that it was a crime for a convicted felon to possess a gun. Rather, it requires that the government prove that the defendant knew he was a convicted felon. *See Rehaif*, 139 S. Ct. at 2194 ("To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.").

for relief under § 2255. *See* § 2255(f). This one-year limitation period runs from the latest of several possible dates, including "the date on which the judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" § 2255(f)(1), (f)(3).

In this case, I assume, without deciding, that Harrison's motion is timely, especially because the government does not argue that it is not. *See Berg v. United States*, Nos. 13-CR-0174-A, 15-CV-0820-A, 2017 WL 344911, at *1 n.1 (W.D.N.Y. Jan. 24, 2017); *Adams v. United States*, Nos. 06 Cr. 218 (JSR), 09 Civ. 9275 (JSR) (FM), 2013 WL 781698, at *6 (S.D.N.Y. Mar. 4, 2013) (assuming § 2255 petition was timely and proceeding to decide it on the merits), *report and recommendation adopted by* 2013 WL 1248583 (S.D.N.Y. Mar. 27, 2013); *United States v. Wang Jia Fu*, No. 03 Cr. 567 (DC), 2012 WL 1711644, at *1 (S.D.N.Y. May 14, 2012) ("Even assuming the present motion is timely, it is denied."); *Riviere v. United States*, No. 1:05-CV-0906, 2005 WL 3005555, at *2 (N.D.N.Y. Nov. 9, 2005) ("Assuming this matter to be timely, the Court finds that Petitioner was not deprived of his Sixth Amendment right to the effective assistance of counsel."); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) ("[T]he one year deadline the AEDPA imposed on the filing of section 2255 petitions . . . established a statute of limitations and is not a jurisdictional bar."). Construing Harrison's *pro se* motion liberally, I can read it as raising the argument that his motion is timely because the Supreme Court decided *Rehaif* in June 2019 and therein newly recognized a right that applies retroactively to cases on collateral review. *See* First Mot. 11–13. Neither the Supreme Court nor the Second Circuit has held that *Rehaif* applies retroactively on collateral review. Because I assume that Harrison's petition is timely and dismiss it on other grounds, I do not decide the retroactivity issue here.

6

## II. Harrison's *Rehaif* claim is procedurally defaulted, and because he has not shown cause and prejudice or actual innocence, it is barred.

A defendant is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). However, a defendant may collaterally challenge his conviction on a ground that he did not raise on direct appeal if he "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Delva v. United States*, Nos. 12-CR-802-4 (JMF), 19-CV-3623 (JMF), 2020 WL 2214801, at *5 (S.D.N.Y. May 7, 2020) ("Because this issue was not raised at trial or during his direct appeal, . . . [petitioner] must show either cause and actual prejudice or actual innocence in order to overcome the procedural default.").

In order to show cause for a procedural default, a petitioner "must show 'some objective factor external to the defense,' such that the claim was 'so novel that its legal basis [was] not reasonably available to counsel[.]'" *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (first quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986), then quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In assessing whether a claim's novelty—also referred to as "futility"—constitutes cause, "[t]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Id.* at 84–85 (quoting *Thorn*, 659 F.3d at 233). When "the Federal Reporters were replete with cases involving [the] challenge[]" that a petitioner is raising collaterally, that challenge does not qualify as "so novel that its legal basis [was] not reasonably available to counsel[.]" *Bousley*, 523 U.S. at 622. Even if defense counsel "was unaware" of a particular claim, "[w]here the basis of a . . . claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labelling alleged unawareness of the objection as cause for a procedural default."

7

*Id.* at 623 n.2 (alterations in original) (quoting *Engle v. Isaac*, 456 U.S. 107, 134 (1982)). Thus, although "[i]neffective assistance of counsel . . . is cause for a procedural default," *Carrier*, 477 U.S. at 488, "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, *or failed to raise the claim despite recognizing it*, does not constitute cause for a procedural default[,]" *Gupta*, 913 F.3d at 85 (quoting *Carrier*, 477 U.S. at 486). Further, novelty "cannot constitute cause if it means simply that a claim was unacceptable to [a] particular court" at the time of the underlying proceedings. *Id.* at 84–85 (quoting *Bousley*, 523 U.S. at 623).

In order to show prejudice, a petitioner must show not merely that the jury instruction in question was "undesirable, erroneous, or even universally condemned," but rather that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process[.]" *Id.* at 85 (quoting *United States v. Frady*, 456 U.S. 152, 169 (1982)). I must evaluate the allegedly infirm jury instruction "in the total context of the events at trial." *Frady*, 456 U.S. at 169. A petitioner's burden of demonstrating prejudice on collateral attack is greater than the showing required to demonstrate plain error on direct appeal. *Gupta*, 913 F.3d at 85 (quoting *Frady*, 456 U.S. at 166). Finally, in order to demonstrate actual innocence, a petitioner "must prove his 'factual innocence, not mere legal insufficiency,' and 'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623).

In this case, Harrison did not raise the challenge that he raises here—that I did not require the government to prove that he knew that he was a convicted felon—on direct appeal. In fact, although he filed a notice of appeal from his 2008 conviction and sentence, he never filed his brief or appendix and therefore did not raise any particular challenge at all. *See* Mandate. To the extent that I can construe Harrison's motion as attacking the sentence that I imposed on his violation of

8

supervised release in 2017, he did not appeal that sentence. Further, Harrison has not offered any evidence to show that his attorney raised this issue at trial. Rather, although Harrison's trial attorney objected to the government's proposed jury instruction that would have informed the jury that the government did *not* need to prove that the defendant knew that he was a convicted felon, *see* Def.'s Objs. to Gov't Reqs. to Charge 3–4, he did not affirmatively request that I instruct the jury that the government *did* need to prove as much, *see* Def.'s Reqs. to Charge 9–10. Thus, Harrison must either satisfy the cause and prejudice standard or establish that he is actually innocent.

In this case, I assume, without deciding, that cause exists. I do have doubts that cause exists here, as, before the Supreme Court decided *Rehaif*, "the Federal Reporters were replete with cases" deciding its central issue. *Bousley*, 523 U.S. at 622; *see Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting); *Waring v. United States*, Nos. 17 Cr. 50 (RMB), 19 Cv. 7982 (RMB), 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020) (quoting *United States v. Bryant*, Nos. 11 CR 765 (RJD), 16 CV 3423 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020)) ("[Petitioner] cannot demonstrate cause because the 'issue decided in *Rehaif* was percolating in the courts for years[.]'"). Before Harrison's trial, and before *Rehaif*, many circuit courts had held that, in §§ 922(g)(1) and 924(a)(2) prosecutions, the government did not need to prove that the defendant knew his status as a convicted felon—the opposite of the Supreme Court's conclusion in *Rehaif. See, e.g.*, *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (per curiam); *United States v. Capps*, 77 F.3d 350, 353 (10th Cir. 1996); *United States v. Langley*, 62 F.3d 602, 604–05 (4th Cir. 1995) (*en banc*); *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988) (per curiam). However, the Second Circuit had not decided the issue. *See Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting); *United States v. Sepulveda*, No. 18-cr-363

(RJS), 420 F. Supp. 3d 153, 167 (S.D.N.Y. 2019). Thus, it is difficult to conclude that the argument addressed in *Rehaif* "was not available *at all*" to Harrison's defense counsel at trial, or to Harrison on appeal. *Thorn*, 659 F.3d at 233 (finding no cause for procedural default when some circuit courts had rejected petitioner's argument, one had accepted it, and Second Circuit had not decided the issue). Still, at least one district court in this circuit has deemed the question of whether cause existed for procedurally defaulting a *Rehaif* claim to be "a close one" because of the strong consensus among other circuit courts before *Rehaif* that the government did not need to prove a defendant's knowledge of his status in a felon-in-possession case. *Whitley v. United States*, Nos. 16 Civ. 3548 (NRB), 04 Cr. 1381 (NRB), 2020 WL 1940897, at *6 (S.D.N.Y. Apr. 22, 2020). Thus, because Harrison's claim fails based on his failure to establish prejudice, as discussed below, and because he does not raise an ineffective assistance of counsel claim, I do not need to decide the cause issue here and decline to do so. *See Carrier*, 477 U.S. at 488; *Whitley*, 2020 WL 1940897, at *6.

Harrison has not established prejudice. On his 1995 state-court armed robbery conviction, Harrison received a sentence of four to twelve years' imprisonment and served approximately seven years in prison. *See* 7-cr-757 PSR ¶¶ 26–27; 15-cr-389 PSR ¶¶ 25–26. Further, apparently concerned that the government's introduction into evidence of details underlying the 1995 conviction would prejudice the jury against Harrison, Harrison's defense attorney stipulated to his prior felony conviction at trial. *See* Def.'s Reqs. to Charge 9–10; Status Conference Tr. 26:11–15; Jury Instrs. Tr. 17:9–21. It is simply implausible that a person who had received a four to twelve-year prison sentence—and actually spent seven years in prison—would not have known that he had been convicted of a felony. *See Rosario Figueroa v. United States*, No. 16-CV-4469 (VEC), 2020 WL 2192536, at *5 (S.D.N.Y. May 6, 2020) (rejecting argument that petitioner was

prejudiced by court's failure to instruct jury that government needed to prove knowledge of status when he had previously been sentenced to seven separate sentences of imprisonment exceeding one year and had spent eleven of the previous thirteen years in prison); *Whitley*, 2020 WL 1940897, at *6 (concluding that petitioner was not prejudiced because, after having spent far more than one year in prison on prior convictions, he could not plausibly argue that he was unaware of his felon status); *cf. United States v. Balde*, 943 F.3d 73, 97–98 (2d Cir. 2019) (reasoning that when defendant's immigration status—the status relevant to his § 922(g) conviction—"was hotly contested[,]" defendant demonstrated plain error in district court's failure to instruct jury on knowledge of status element). Had the government been required to prove Harrison's knowledge of his status at trial, defense counsel undoubtedly would have stipulated to that knowledge of status to prevent the jury from learning Harrison's actual sentence on the 1995 conviction. *See United States v. Hayes*, No. 18-173-cr, 2020 WL 2050646, at *5 (2d Cir. Apr. 27, 2020) (summary order) (concluding that, when defendant's PSR indicated that he had previously been sentenced to and served more than one year's imprisonment on felony conviction, he undoubtedly would have stipulated to knowledge of felon status). In fact, in *United States v. Miller*, the Second Circuit concluded on direct appeal that a district court's failure to instruct the jury that the government needed to prove knowledge of status in a §§ 922(g)(1) and 924(a)(2) prosecution did not constitute plain error when the defendant had received and served a prison sentence exceeding one year on a prior conviction, reasoning that the defendant "would have stipulated to knowledge of his felon status to prevent the jury from hearing evidence of his actual sentence." 954 F.3d 551, 557, 559–60 (2d Cir. 2020). Because the prejudice standard applied on collateral review is more demanding than is the plain error standard applied on direct appeal, *see Gupta*, 913 F.3d at 85 (quoting *Frady*, 456 U.S. at 166), it follows, *a fortiori*, that Harrison cannot establish prejudice in light of the prison

11

sentence that he received and served on the 1995 armed robbery conviction, *see Delva*, 2020 WL 2214801, at *5 (concluding that in light of *Miller*, it followed, *a fortiori*, that § 2255 petitioner's *Rehaif* claim failed under similar facts).

Next, Harrison has not demonstrated actual innocence. Harrison cannot credibly argue that he did not know that he was a convicted felon when he possessed the firearm in his §§ 922(g)(1) and 924(a)(2) case, given the four to twelve-year prison sentence that he received—and the seven years that he actually served in prison—on the 1995 armed robbery conviction. Harrison has pointed to nothing that even suggests "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" if I had instructed the jury that the government was required to prove knowledge of status. *Gupta*, 913 F.3d at 85 (quoting *Bousley*, 523 U.S. at 623). Thus, Harrison has not established either cause and prejudice for his procedural default or actual innocence.

Finally, I decline to hold a hearing in this case. Under § 2255(b), I must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). "To warrant a hearing, [a § 2255] motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Because Harrison has set forth no evidence at all, and because there are no controverted issues of fact that, if proved at a hearing, would entitle Harrison to relief, a hearing is not warranted.

## CONCLUSION

For the foregoing reasons, Harrison's motion under 28 U.S.C. § 2255 is denied. Furthermore, because Harrison has not made a "substantial showing of the denial of a

12

constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability. Harrison may seek such a certificate from the Second Circuit Court of Appeals.

SO ORDERED.

Dated: August 4, 2020              _____/s/_____
   Brooklyn, NY                Allyne R. Ross
                           United States District Judge